May it please the court, I am Karen Sirianni Gerlach and I represent the appellant Gary Wood. At this time I would ask the court to grant three minutes of rebuttal time. Thank you. There are three reasons why the amendment to section 4A.1.2.A.2 is a clarifying amendment which is entitled to retroactive application. First, the amendment does not change the method for determining whether multiple prior sentences are treated as one. Second, the amendment explains and clarifies when prior sentences are treated as one. And third, in its reason for amendment, the Sentencing Commission confirms that this is a clarifying amendment. To elaborate, under both the old and the new versions of the guideline, multiple priors are treated as one if they were somehow combined for sentencing. That has not changed from the old to the new guideline and the only problem with the old guideline is that it wasn't clear under it how they had to be combined, specifically whether or not an order was needed. Now that's what I was going to ask you. Even if we're, whatever guideline we're under, what does combined mean? I mean in this case they really weren't combined, isn't it? They were combined in terms of the sentencing's all occurred for paragraph 33, 34, 35 on March 11th, 1994. But they were treated differently, were they not? They were treated differently in terms of the sentences were not concurrent, but that, our argument is obviously that that is immaterial under either, frankly, the old or the new version. Separate offenses occurring on separate days? Yes. Separate individuals, separate set of facts? Not separated by intervening arrests, and so the consideration then becomes were they under the old guideline or were they sentenced on the same day under the new guideline? There's confusion under the old guideline as to what is meant by consolidated for sentencing. But don't we look to state law for that? And the state law is very clear as I laid out in my brief that a formal order of consolidation was not needed. I was confused as to exactly what the district court held with respect to consolidation. There is a lot of statements that these were consolidated, these were consolidated, and then a concern that, or a statement that there was no formal order of consolidation. But if you're looking at Pennsylvania law, and the testimony of Mr. Moore was orders aren't entered. The district court, excuse me, was looking for the same transaction or occurrence or a factual relatedness between the offenses. Under the old guideline, application note three, those were the first and second criteria for determining related cases. However, there's the disjunctive or, not and, so you don't need those. You can just have consolidated cases. My sense from reading it, and I share your confusion with that, I think that the district court was on this misreading application note three and looking at those first two criteria and either assuming that they were needed in isolation or that it was an and rather than an or and that because those were missing. So I think that his holding really, with all due respect to Judge McLaughlin, is not  It's her holding. I'm sorry. It was Judge McLaughlin. I'm sorry? Her holding. Judge McLaughlin. His. Mary McLaughlin. Was it Sean? Sean McLaughlin. It was? I'm assuming it's Mary McLaughlin. Sean McLaughlin. I mean, we have her in another case. Sorry. Okay. That's quite all right. So I don't think it's instructive, and I think we need to look beyond the district court's clarifying. But isn't your argument that we look to Pennsylvania law to see if they were consolidated? Moore's testimony was credited. It was. I.E., they were consolidated as a matter of law under Pennsylvania law, end of inquiry. It was. And also that that was enough for consolidated and that for consolidated doesn't matter for factual similarity or concurrent sentences or anything of that nature. There was no Third Circuit precedent at that point holding to the contrary. Still is not. And our interpretation of consolidated is whether it's consolidated under Pennsylvania law. It couldn't be. So, yes. There's so many cases going the other way, though. So many cases are conflating the whole relatedness. It's curious. It's recognized in the Sentencing Commission's reason for the amendment, and they recognize that there is a circuit split. And our position with regard to the new amendment, relying, as I did in my 28-J letter, on the Marmalegis case, that what we are looking at is the effect of the amendment and whether it stays the same. And it does. In Marmalegis, this court noted that it was still a quantity-based determination. It was just how do you determine the quantity? Here it's still a determination under the new guideline of whether these prior sentencings were somehow joined. It's just clarifying the new amendment, how we determine the joinder. And they explain, the Sentencing Commission. But there's some contrary authority on the other side. The Mesa case out of the Fifth Circuit. I think that that case is squarely against Marmalegis because they relied a lot in Mesa upon the fact that the language was changed. And in Marmalegis, this court noted that a change in the language is one of many factors to be considered. There's no bright-line test. Among other things, the court must look at the language of the amendment, the amendment's purpose and effect, which stays the same here, and whether, as a matter of construction, the guideline and commentary, in effect, at the time, is really consistent with the amended manual. This is consistent because to say that sentenced on the same day is how we're defining it is not inconsistent with consolidation and is, in fact, a way to define that. So it's merely defining and not inconsistent. Also, as this court noted in Marmalegis, noting there's no bright-line test, often and almost always there are factors which go both ways. And certainly, even if we credit some of the factors noted in Mesa, there are other overriding and more important factors, such as the purpose and effect having stayed the same with the amendment. Do we need to resolve the impact of the amendment in order to decide the case? If the amendment, do you mean in terms of whether it's substantive or clarifying? Yeah. I think that you do. Well, no, because our position is that it's the same under either. So either way, these cases were properly joined. They were either properly joined because they were consolidated under Pennsylvania law, which is sufficient, under the old amendment, or they were consolidated because they were sentenced on the same day, which satisfies the new amendment. I thought that was your position. It didn't make any sense. It is my position. Either way. Yes. And in fact, the consistency, again, it's almost circular because the fact that you reach the same result under either the old or the new shows that they're consistent and hence that the amendment is clarifying rather than substantive. What do you think is the thrust of the amendment, though, if you were asked just to summarize? What does it do? It moves up the language from the application note three, explaining how these cases have to be joined, puts it into the body of the text, and in doing so, explains the specific criteria needed for the joinder of these cases or how to determine whether they're one or separate. Excuse me? Does it hurt you or help you? The change in? Yes. I think it's more clear cut. Obviously, the prior guideline was vague and left open this whole definition of how the cases needed to be put together or combined. So by clarifying and explaining, yes, it helps us and it just makes it a slam dunk, the new amendment. In the old amendment, we still win, but you have to grapple with some contrary authority and also jump from the body of the guideline down to the application note. Does the new amendment do away with the functional consolidation analysis? It does. It absolutely does. All you need is sentencing on the same day. Is that clear? You think that's crystal clear? It almost seemed to me under the new guideline, you could have a sentencing at 10 o'clock in the morning and another one at 3 o'clock in the afternoon and they could come together. Whereas here, that's not even a situation, you have one combined hearing. Excuse me? Even though they were completely unrelated, they would all be treated? There was a joint plea to all three and then as required by Pennsylvania law, as explained in my brief, they were all sentenced together after there was a joint plea. Well, the reason for the new guideline is because there was all this litigation over what does related mean? And if they clarified it and said, yo, related means, all sentenced the same day, then presumably they don't want us to look at the related at all. No. No. That's my position on the amendment, that it's definitional, that previously there was no definition of what does consolidated mean. Wasn't that pretty substantive though? It is not. Before you had a functional analysis and you had some courts going one way and other courts going the other way on virtually identical facts and then you come up with a new amendment and says forget about all that. If you're sentenced on the same day, that's the end of the story. Why isn't that substantive? It's not substantive because they're merely saying what they meant all along and the courts which held to the contrary were quite simply wrong. Do you have any cases that we've got in the 28J letter, do you have any cases that go your way? Because there are, what, ten, nine cases granted, they're all, they're now district, well, there's a couple of circuit cases. The one third, excuse me, the one third circuit case in the government's list is not precedential and furthermore it is dicta in the case, there's really no analysis, it's just a fleeting comment, it's substantive. Do you have any cases going the other way? I think Marmalegis is the strongest for us. Well, but I mean. I'm on this guy right now. I'm talking about new cases. That's from the 80s. Under the new amendment. 90s. 90s. 90s. That is the strongest case because the analysis is really on all fours even though it's a different guideline and that's really what I would rely upon in that it explains that if the effect of the guideline is still the same and the method is the same and that's even the last paragraph. Is the effect of the guideline the same? It is and again the courts which held to the contrary were incorrect and this is an explanation of what the commission meant all along. Although in a certain state if you have an issue of consolidation may not be just on the same day. Consolidated may require them to be combined under the same docket so you could have a real difference under the old versus the new guideline and wouldn't that make it substantive then? In that state it could but we're not in any other state. We're in Pennsylvania and it's not a substantive change here and frankly that's a problem and why the guideline needed to be amended. In sum, the amendment to the guideline is clarifying. It applies retroactively. The amended version of the guideline requires that multiple priors for which sentences were imposed on the same day be treated as one. The sentences for the priors in paragraphs 33, 34, and 35 were all imposed on March 11th, 1994. However, in the event that this court disagrees with me and finds that the amendment was substantive I would rely on the analysis in my brief and as this court has noted today under Pennsylvania law the cases were as consolidated as they could have been. Quick question, the amendment was not argued in the briefs, was that a matter of timing or a matter of? The amendment was not available then. The briefs were on, excuse me. Because it could be, we haven't gone to briefing on this issue of clarifying versus substantive. The brief was March 2007 and I think it was just in the fall that it came up. And then the guideline wasn't even effective at that point. Yeah, we didn't get the government's brief until May. Okay. Great, thank you Ms. Miller, I'll have you back when we go. If the court does feel that a need for supplemental briefing I would of course be happy to comply. We appreciate that and we may ask you for that as well. Ms. Irwin. May it please the court, Laura Irwin from the U.S. Attorney's Office in the Western District on behalf of the government. The amendment in this case, Amendment 709 is substantive, it's not clarifying and should not be applied retroactively. In Marmoleos this court decided that the issue of whether or not an amendment is substantive versus clarifying really turns on the text of the amendment. It turns on the text of the guideline as it was before as compared to the text of the guideline as it is after. In this case I think there can be no dispute that there is a drastic and substantive change to this guideline. The word related is removed, the word, I just completely forgot, consolidated is also removed and the commission has adopted an entirely new approach to determining whether or not cases should be, they're not even using related so I wanted to speak in terms of separate sentences. They excise the guideline and put in something new. I would agree with Ms. Gerlach if they said by consolidated we meant X. But they've gone through and with the exception of when there is a prior intervening arrest they've taken out on the same occasion, they've taken out common scheme or plan, they've taken out consolidated for trial and sentencing and they've substituted and put in a whole new method and that's what was determinative in the Marmoleos case. A new method of determining how you compute past offenses for criminal history purposes. Alright, well let's assume you're right and so we won't consider the new amendment, alright? Okay. Where are we with respect to the concept that under the guideline they should be considered related if they were consolidated for trial or sentencing and we have the testimony of Mr. Moore and the district court's apparent acceptance of that testimony that these were consolidated. Where do we go? How did the district court then have to go any further than that? Well, I think if you look at the other cases that talk about functional consolidation, they don't just stop at looking at what may have happened in the state as a matter of procedure. They look at other factors. But isn't it true that we only need to address the issue of functional consolidation if we cannot tell as a matter of state law whether they were consolidated or not? That's true. And in this case... How could we not tell here? Mr. Wood conceded there was no formal order. And I think part of the problem is, is this order by Judge McLaughlin I found very difficult to follow because he quotes and it's hard to tell what's actually going on. When he actually gets to his decision, it's clear that as everyone agreed beforehand there was no formal order and linguistically it gets difficult because the same words are being used. He finds as a matter of fact, he credits the defendant's testimony and says as a matter of fact, under Pennsylvania law, for Pennsylvania purposes, for what you guys do in Erie County, and I think that's particularly important, is that attorney talked about only what can happen in Erie County. I would agree with you. Marking that box on the charging papers was enough, you know, if it had gone to trial, that's a different issue, but it didn't go to trial, but that's enough for you to consider these consolidated for state law purposes. And then as far as sentencing goes, the defendant has a right under Pennsylvania procedure to have the sentencing take place on one day. The district court goes on to say that may be how it is in Erie County, Pennsylvania, but that's not enough for purposes of federal sentencing law because under the federal sentencing guidelines, we have to look at other concerns and the guidelines speak in terms of when they talk about criminal history, real offense sentencing and decreasing disparate sentences among federal defendants. And if you don't keep those things in mind and you only look at what happens in Erie separate sentences issued to run consecutively, you're going to miss the boat. You're not going to have real offense sentencing. But doesn't he conflate? I mean, the application said they will be considered related if they were consolidated. It's one thing to try to decide were they or were they not consolidated as a matter of law, but he then goes on and the analysis is an analysis of relatedness. He's looking at the other circuit decisions and I agree with you. Other courts have done that. They've confabulated that. In fact, that was in Buford. Should we? I think so. I mean, we don't, I don't think we should confabulate. I don't think we should, we should do what other circuits have done if it's not right. I think it is right though, because the purpose of the guideline is to look at real offense sentencing. What really happened here? And the Supreme Court tacitly endorsed that in Buford when they said, you looked at functional consolidation. It's a factual determination and we owe due deference to the district court because they're the ones that are on the lines, that have this information, that are aware of federal and state sentencing practices, that are in the best position to make the determination. But the application note itself talks about the fact that this artificial measure, i.e. consolidated, can underrepresent criminal history so that you may want to upwardly depart. So the application note recognized that there was this manufactured concept of consolidation and that it's not going to reflect the fact that those three crimes that may have been sentenced the same day should really be just limited to those few points. So didn't the guidelines take into account that an upward departure might be warranted so that there are other ways of taking into account the seriousness? I see your point, but I think what that commentary you're referring to is the district court noted is, if there is a formal order of consolidation, then you might find yourself in that circumstance to which the commentary speaks. And in fact, the Joseph Court, which is the case from the Seventh Circuit that Mr. Wood relies upon, basically came to the same conclusion. The quoted portion of Joseph cited by Wood says, if there's a formal order of consolidation, it could be an offense for, you know, there's something about Smokey the Bear in there, it could be completely unrelated. And that's when that commentary kicks in. But if under Pennsylvania law, something's consolidated by virtue of the procedure that happened here, why, was the court correct in requiring a formal order of consolidation when they were consolidated as a matter of state law? I think so. I think so. Keep in mind that what happened in this case was not a holding or even an offer by Mr. Wood that this is how it happens throughout the state. This was Erie County, Pennsylvania, based on the experience of four years of the testifying lawyer. Is it your position that there was, certainly there was no formal order of consolidation. Is it your position that under Pennsylvania law, it was not, it doesn't deserve the term consolidation or it does, and that we shouldn't follow Pennsylvania law in this regard? For purposes of federal sentencing law, Pennsylvania's definition of consolidation cannot be the driver because you're going to end up with different criminal history scores for virtually every defendant from every county. All right. And... County or state? County. Because Mr. Moore testified, this is how it happens in Erie County. Is it your view that under Pennsylvania law, that there was consolidation in the state court cases or not? The district court found, as a matter of fact, based on Mr. Wood's testimony, that these cases were consolidated. The parties stipulated, and Judge McLaughlin agreed, however, there was no formal order of consolidation. The defendant's argument was, and I have the page from the appendix, it's page 209. The district court asked Tom Patton, the attorney below, there was no formal order of consolidation entered here. There's no dispute about that, correct? Mr. Patton says, correct. It's your position, I take it, that notwithstanding the absence of a formal consolidation order, there was, in some cases used the term, functional consolidation. Is that right? And he responds, no, with regard to, I think the first level analysis is, if you find under Pennsylvania law that these cases were actually consolidated, that's the end of the inquiry. The district court agreed with him to the extent that you've got to look at what happened under Pennsylvania law, but for federal sentencing purposes, you need to go further because we're in a system of real offense sentencing that wants to look at what actually happened with a particular defendant to accurately reflect his criminal history. I don't see how that then means you need an order of consolidation. That to me is a non sequitur. I mean, if instead of this notice, the judge had signed on the dotted line, consolidated, you know, Everett J., then there's no, then this concept about sentencing goes out the  I don't understand how that's possible. And he responds to that by saying, when there is a form, you know, when there's been a consolidation. Yeah, it doesn't say when there's a formal order of consolidation. Right, that's true. That's true. So he found as a matter of law, and he did, that there's a consolidation under Pennsylvania law. Mm-hmm. I'm just having a problem figuring out why and where it was formally and actually consolidated for trial. He found that as a matter of fact, and the district court has said, these are factual determinations that an appellate court must apply due deference to and allow a district who's on the fronts, who knows exactly what's going on with these procedures, can make that determination without the appellate court sitting there and second guessing those determinations at each turn. But in the end, he required, he looked at the substance of what was happening here rather than the, what was going on in the nature of consolidation. In other words, he looked at the similarity, if you will, and relatedness. Correct? He did. But he also recognized the fact that although these were sentenced on the same day, the defendant received separate sentences for each offense. So yes, if you look at whether they occurred, the events occurred on the same day, involved the same victim, those types of things, but he also played, or gave credence to the fact that the sentences were separate. So he applied a functional consolidation analysis? He did. And as I review the record, I can't find any clear error with any of those determinations. I mean, while this court may agree and think that it would have come to a different determination, that's not enough under Anderson v. Bessemer City to say that the district court was wrong. When there's two divergent views, it's not enough to say they're wrong. Is it clear under prior law, assuming that we're still dealing with the prior guideline, is it clear that it's permissible for the federal trial court to override a determination of what is consolidation under state law to apply a functional analysis and to come out differently, as he did in this case? Well, I think so, when it's based on an issue of fact. I mean, testimony was given by the defendant as to what happened in this case, and the matter of fact that that's what happened. All right. Should we go back? I just want to say, the Seventh Circuit in the Stahlbaum case said that we really look at state law to decide whether something has been consolidated, correct? Should we depart from that? I'm not familiar with that case. I may have cited it in my brief, but off the top of my head, if that's what it says, I'll take your word for it. Well, we're trying to figure out when state law consideration should be overruled or when federal consideration should take over in this matter. And I realize, I mean, if that's what the Second Circuit said, I think that the overlying concern needs to be that you're in a federal court talking about federal sentencing, and if we're going to have a rule that it turns on what happens in each county, you're going to have an evidentiary hearing in each one of these cases. Well, obviously not now because there's a new amendment, but that's what's going to be required for any case that comes up on appeal that was sentenced between 2005 and 2000, you know, with the guidelines. We do that all the time, don't we? We look at, you know, what is a felony under Pennsylvania law for purposes of an immigration definition that will, and it's going to change, but there is no federal law of consolidation, is there? Federal law is what's consolidated. We have to look somewhere. Right, but I think there's a developed body of federal law of what consolidation means for purposes of this guideline, and those would be the cases the parties have relied on, that common law of what functional consolidation means, because there is no statute or guideline that even talks about functional consolidation. It's something the courts have developed. Is it clear that if we're under the new guideline, is it clear that the government, that we should vacate the sentence? That's an interesting question, and I recognize that you asked Ms. Gerlach the same question, and my answer would be no for a couple of reasons. One is that, and this is not an issue briefed by the parties, but Mr. Wood never objected to his sentence as being unreasonable before the district court, or never raised that issue on appeal. We didn't address that issue, but I think what the Supreme Court is telling us in its recent decisions is that that is what we need to be considering on appeal, is whether or not a sentence is reasonable. There may be cases in which a guideline error requires new sentencing, but I believe on this record, this case is not one of them. And I recognize we didn't brief, but I'd be happy to answer you fully on this. How do we make that kind of a reasonableness determination if the district court never considered it? Because in this case, Mr. Wood's guideline criminal history category did not drive his sentence. The district court took that as one factor, which is what the Supreme Court is telling district courts they must do, and it's taken it as one factor and looked at every other factor in 3553A to determine what Mr. Wood's sentence should be, and that's exactly what happened here. Well, that's a little bit different from the question I asked. Let's assume that we're starting all over again here. What does the new guideline say? The new guideline says that it should be counted as... I knew if you asked me to recite it completely, I could. If they're... Same charging document or sentence on the same day. All right. So the defendant's position would prevail under the new guideline if we were starting from scratch. I think for all practical purposes, it probably would. It remains to be seen whether courts would like to take it a step further and look behind that and see what it says, but I think as you look at the guideline and the reason why they amended it is the sentencing commission's trying to get away from all the litigation about what these individual things mean and kind of cab it in and say to the courts, you with this whole related thing and same occurrence and common scheme or plan, and let's just stick with these more simple terms. But his guideline calculation was 46 to 57 months, and he was sentenced to 60 months, correct? I'm sorry. You said 47 to... 46 to 57, and if you were to redo it under the new calculation, it would be 37 to 46 if you joined them. So wouldn't he have to be resentenced because the court started from a starting point much higher than it should have? Actually, I've made computations of what his range should be, and actually I'm not even in agreement with what Ms. Gerlach put in her brief because I think she missed a point, but based on my calculations, you have to remember that the crime of violence point is not there because we lost that one. We didn't appeal it. So his base offense level would say the same, and his criminal history category... Put it down. His points, had he won below, would be six with a category of three, and my calculations is under Amendment 709, it would be six with a category of three, and that range is 37 to 46 months. All right. Whereas he was sentenced based upon 46 to 57 months. Actually, I think the range that was used by the district court was his points were 12, his criminal history category was five, and the range was 57 to 71 months. There wasn't an upward departure. All right. So it's 57 to 71, but now it would be 37 to 46, and you're saying, don't you think under Gall we would need to proceed from the right spot and go through the 35-53 analysis? Don't you think the district court should review that if we were to determine that these have been consolidated? Well, having read Gall a couple times for this particular point, I couldn't find anything with complete clarity that said the Supreme Court would never find harmless or plain error for a step one problem. And in fact, about a week and a half ago in the Jimenez decision, a panel of this court and published opinion said the general rule may be that a remand is required, but there may be cases in which there could be a harmless or a plain error analysis applied. And our position would be based on the statement of reasons in this case, and the fact that Mr. Wood has never claimed that his ultimate sentence is unreasonable, that this would qualify as a reasonable sentence. Good. Anything further? Mr. Wood, thank you very much. Thank you. Ms. Carlin? The guideline range under which the defendant was sentenced was 57 to 71 months, 12 points, criminal history category 5, and he did get 16 months. Under our interpretation of both the old and the new guidelines, he would be 6 points, criminal history category 3, 37 to 46 months. I think the confusion is that the PSR started with criminal history category 4. With regard to the emphasis on a formal order, as a matter of simple fairness, that thinking simply cannot prevail because it's asking for something that just doesn't exist or occur in Pennsylvania practice, as Mr. Moore testified. If you give the notice, and then the cases are eventually, which occurred in two of the three here, there was notice on the charging document, and then a combined plea leads to a combined sentence, it's just not done where there are formal orders issues. Pardon me? What's the definition of combined sentence? Combined for sentencing. That's the term I've been using, but that's not a term of art in the guideline. No, no, no, but I'm trying to figure out what happened here since these were different sentences. They were not made concurrent. They were not made concurrent, but they were sentenced on the same day at the same period. No, I understand that. I understand that, and I'm still having trouble with your definition of consolidation here. I'm just trying to find out. My definition is the definition under Pennsylvania state law based on the practices, procedures of Erie County, and also my opponent said that it varies from county to county. To a certain extent, that's true, but there was also a lot of testimony about the Pennsylvania rules of procedure, which indicate that when they are consolidated for sentencing, they are together, and that is set forth in the brief. Again, formal consolidation or functional consolidation? Functional consolidation. And should it make a difference if Erie County has a different practice than other counties? I think in the sense that... When we apply state law, is that what it means we apply the law of all the counties of Pennsylvania? I think in the sense of whatever happens, you can't ask for something that's not there if they just don't do it. I think it's unfair to say that the defendant suffers because he happens to be convicted in a county where they don't do formal orders, or in a state where the laws don't require it for cases to be consolidated. And if I may say... Well, that seems to argue for a federal overlay on this particular problem. And I think that's probably what the amendment was in part a response to, and the reason for the amendment indicates that there was disagreement, there was litigation, there was a circuit conflict. And I think that supports my position that the amendment is clarifying, and that there was confusion that needed to be cleared up. So there was really no need for a substantive change, and that's not what happened. There was a clarification. Good. The case has been very well argued. Why don't we get some additional briefing on the new guideline, and whether it was substantive or clarifying. You both have made excellent arguments here today. And while there probably aren't going to be too many of these cases coming up, there will be a few, I guess, but it could be significant for the legal principle as to retroactivity in these kinds of circumstances. So you want the additional briefing simply on whether it's substantive or clarifying. Yeah, but you can add, if you want to add something, if you want to expand your arguments, that's perfectly fine too. We just make them letter briefs, no more than 10 pages. And two weeks, enough time for that. I'm sorry, do you have any other questions? Is postmark sufficient? Oh, sure. Absolutely. No worry. We're not going to turn it back if you don't have it here. Good. The case was very well argued. We thank both counsel. We'll take the matter under advisement.